UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HOWARD SMITH,
          Plaintiff,

    -against-                                   **REPORT AND RECOMMENDATION**

C.O. LAWELLIN, C.O. JOHN DOE, *et al.*,        08 Civ. 00473 (RMB)(KNF)
          Defendants.

------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD M. BERMAN, UNITED STATES DISTRICT JUDGE

    On January 18, 2008, the plaintiff, Howard Smith ("Smith"), commenced this action pro se, pursuant to 42 U.S.C. § 1983. Smith failed to serve a copy of the summons and complaint upon the defendants within 120 days of that date. Through an order dated June 17, 2008 ("June 17th Order"), your Honor discontinued the action, pursuant to Fed. R. Civ. P. 4(m). However, the order provided that, within thirty days of the date on which it was issued, the plaintiff could "apply by letter showing good cause why this action should be restored to the calendar."

    On or about August 4, 2008, Smith submitted a letter to the court, indicating he required assistance identifying the defendants in this action. By an order dated August 6, 2008, the plaintiff was referred to the court's June 17th Order, and was directed to contact the Pro Se Office, for this judicial district, with respect to any questions he might have.

    On or about August 19, 2008, Smith submitted a letter to show good cause for restoring his action to the calendar. Smith reiterated that he required assistance to identify the defendants, and noted he had learned that "C.O. Lawellin" had retired. By an endorsement upon Smith's letter, your Honor allowed Smith, until September 17, 2008, to serve the defendants. The plaintiff was warned: "[f]ailure to effect service by this date may result in dismissal of the complaint."

On September 29, 2008, an order was entered advising that, "[b]ased upon Plaintiff's apparent failure to serve all Defendants by September 17, 2008, . . . the Court will enter a **final** order dismissing this case unless, on or before October 29, 2008 (noon), Plaintiff submits a letter showing good cause why this action should remain on the calendar. . . ." (emphasis in original). On or about October 30, 2008, Smith submitted a request for court assistance in obtaining a copy of an infraction, and Smith was instructed to raise the matter with the undersigned magistrate judge. On or about November 4, 2008, the plaintiff submitted a letter to the Court, requesting that an order be issued to the Rikers Island jail facility, directing it "to produce [his] infra[c]tion for assault of staff on June 23, 2005," which would enable him to identify the John Doe defendants. On December 30, 2008, the Pro Se Office, at the Court's direction, responded to the plaintiff's letter, informing Smith of the means by which he might obtain a copy of the infraction. The docket sheet maintained by the Clerk of Court for this action does not indicate that Smith has taken any action in this case since his November 4, 2008 writing to the Court.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a plaintiff's action for failure to prosecute the action or for a failure to comply with an order of the court. See Sanders v. Does, Case No. 05 Civ. 7005, 2008 WL 2117261, Slip Opinion at *2-5, passim, (S.D.N.Y. May 15, 2008) (citing LaSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 [2d Cir. 2001]). Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

After Smith initiated the instant action approximately 15 months ago, he did not effect service within the original 120-day period provided by Fed. R. Civ. P. 4(m). As of the date of the instant writing, Smith still has not effected service. Moreover, after receiving three orders warning him that failure to show good cause why this action should remain on the court's calendar would

2

result in discontinuance or dismissal, Smith has not shown good cause for his failure to serve the defendants. In this circumstance, maintaining this as an active matter on the court's docket no longer seems reasonable and appropriate.

## RECOMMENDATION

For the reasons set forth above, I recommend that the instant action be dismissed pursuant to Fed. R. Civ. P. 4(m) and 41(b).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard M. Berman, 500 Pearl Street, Room 650, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Berman. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
       April 13, 2009

Copy mailed to:

Howard Smith

Respectfully submitted,

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE