USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
HOWARD SMITH,

                              Plaintiff,

          - against -

C.O. LAWELLIN, C.O. JOHN DOE, et al.,

                            Defendants.
---------------------------------------------------------------x

08 Civ. 473 (RMB) (KNF)

**ORDER**

### I.    Background

On or about January 18, 2008, Howard Smith ("Plaintiff"), proceeding pro se, filed a complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against C.O. Lawellin and C.O. JOHN DOES, in their individual and official capacities as employees at the Adolescent Reception and Detention Center ("ARDC") on Riker's Island ("collectively, Defendants") alleging, among other things, that Plaintiff "was assaulted by [Defendants], while in restraints . . . [and] was hit numerous times with sticks" in violation of his rights under the Eighth Amendment to the United States Constitution. (Compl., dated Dec. 28, 2007, at 1, 2.)[1] Plaintiff had not caused service of the Complaint or the Amended Complaint to be made as of May 14, 2009.

On or about April 12, 2009, United States Magistrate Judge Kevin N. Fox, to whom the matter had been referred, issued a thoughtful report and recommendation ("Report"), recommending that Plaintiff's case be dismissed because, among other reasons, "after [Plaintiff] initiated the instant action approximately 15 months ago, he did not effect service within the original 120-day period provided by [Rule 4(m) of the Federal Rules of Civil

---

[1] On or about May 19, 2008, Plaintiff filed an Amended Complaint. (See Am. Compl., dated May 8, 2008 ("Am. Compl.").)

Procedure ('Fed. R. Civ. P.')]" and the "docket . . . does not indicate that Smith has taken any action in this case since his November 4, 2008 writing to the Court." (Report at 2; see also Ltr. from Howard Smith to Hon. Kevin N. Fox, dated Nov. 4, 2008 ("I need [ARDC] to produce the use of force report so I can identify the JOHN DOES.").)

Although, pursuant to Fed. R. Civ. P. 72(b)(2), the parties had ten (10) days from being served with a copy of the Report to file written objections, (see Report at 3), to date, neither party has filed objections.

**For the reasons set forth below, the Report is adopted in its entirety and the above-captioned action is dismissed.**

## II.     Standard of Review

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, the plaintiff is proceeding pro se, "leniency is generally accorded." Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 U.S. Dist. LEXIS 6302, at *2 (E.D.N.Y. Jan. 12, 1999).

## III.    Analysis

A review of the Report shows that Judge Fox's recommendations are neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(b).

Judge Fox properly determined that Plaintiff's case should be dismissed because, among other reasons, "after receiving three orders warning him that failure to show good cause why this action should remain on the court's calendar would result in discontinuance or dismissal, [Plaintiff] has not shown good cause for his failure to serve the [D]efendants." (Report at 2–3); (See Order, dated Jun. 17, 2008; Order, dated Aug. 6, 2008; Order, dated Aug. 18, 2008; Order, dated Sept. 29, 2008; Order, dated Oct. 31, 2008); see also Fed. R. Civ. P. 4(m); Murphy v. Watson, No. 06 Civ. 692, 2007 U.S. Dist. LEXIS 44654, at *2–3 (N.D.N.Y. June 20, 2007); Jordan v. Soyer, No. 97 Civ. 5345, 1998 U.S. Dist. LEXIS 11563, at *2–3 (S.D.N.Y. July 24, 1998) ("The Court is mindful that incarcerated pro se litigants such as plaintiff face significant obstacles and must be given every consideration . . . [but] plaintiff's time to serve has already been extended on several occasions for more than an appropriate period, and any further extension would render [Fed. R. Civ. P.] 4(m) a toothless tiger.") (internal quotations and citation omitted); Wis. Laborers Health Fund, Bldg. & Pub. Works Laborers Vacation Fund v. Truc Masonry Inc., No. 08 Civ. 415, 2009 WL 192546, at *1 (E.D. Wis. Jan. 27, 2009).

## IV. Conclusion and Order

For the reasons set forth in the Report and herein, the Court adopts the Report [#10] in its entirety. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
May 14, 2009

_RMB_
**RICHARD M. BERMAN, U.S.D.J.**